| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| Thaddeus R. Maciag, Esq.<br>MACIAG LAW, LLC<br>475 Wall Street<br>Princeton, New Jersey 08540<br>(908) 704-8800<br>*Attorney for the Debtors* | |
| In re:<br><br>   ProPhase Diagnostics NJ, Inc.,<br><br>                       Debtor. | Case No.: **#25-19833-CMG**<br>Chapter 11 Reorganization<br>Judge: Hon. Christine M. Gravelle |
| In re:<br><br>   ProPhase Diagnostics NY, Inc.,<br><br>                       Debtor. | Case No.: **#25-19834-CMG**<br>Chapter 11 Reorganization<br>Judge: Hon. Christine M. Gravelle |
| In re:<br><br>   ProPhase Diagnostics, Inc.,<br><br>                       Debtor. | Case No.: **#25-19836-CMG**<br>Chapter 11 Reorganization<br>Judge: Hon. Christine M. Gravelle |
| (Jointly Administered) | <u>Hearing Date: February 3, 2026</u> |

# DEBTORS' MOTION

## FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 1121(d) EXTENDING THE JOINTLY ADMINISTERED DEBTORS' EXCLUSIVE PERIODS TO FILE PLANS OF REORGANIZATION AND TO SOLICIT ACCEPTANCES THERETO

### <u>Introduction</u>

**(1)** <u>Motion to Extend the Jointly Administered Debtors' Exclusive Periods to File</u>

Plans of Reorganization And to Solicit Acceptances thereto. The three above-captioned Chapter 11 Debtors-in-Possession: ProPhase Diagnostics NJ, Inc., ProPhase Diagnostics NY, Inc., and ProPhase Diagnostics, Inc. (collectively, the "**Debtors**"), on September 22, 2025 filed separate Petitions for Reorganization under the case numbers as captioned hereinabove, and now by way of this Motion to be docketed in each of the three cases on or about January 11, 2026 are seeking Entry of an Order Extending the Debtors' Exclusive Periods to File Plans of Reorganization And to Solicit Acceptances thereto. This Motion must be filed on or before January 20, 2026, so the filing of same at this date is timely.

## Jurisdiction and Venue

**(2)** The United States Bankruptcy Court for the New Jersey (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered on July 23, 1984, and amended on June 6, 2025 (Hon. Renée Marie Bumb, Chief Judge, United States District Court, D.N.J.) (the "**Standing Order**").

**(3)** This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**(4)** Venue is proper in this District pursuant to 28 U.S.C. §1334(b), §1408, and §1409.

**(5)** The statutory and procedural predicate for the relief here requested is 11 U.S.C. § 1121(d).

**(6)** No prior request for the relief sought in this Motion has been made to this or any other court in connection with the Chapter 11 case.

**(7)** **Jointly Administered Debtors.** The three instant Debtors' respective cases

are presently jointly administered per this Court's Amended Order for Joint Administration entered September 30, 2025.

**(8)** As Carolina Abenante, who serves as a Director and as Chair of the Independent Bankruptcy Committee in each of the three cases, has certified in her certification accompanying this Motion (the "*Abenante Certification*") filed herewith, it is in the best interest of the Debtors and the Debtors' Estates to extend the Exclusivity Period by 120 days,

## Summary of Motion

**(9)** The three Debtors in the above-captioned Chapter 11 Cases respectfully state the following in support of this motion (the "Joint Motion"), and rely upon and incorporate by reference the *Abenante Certification* filed concurrently herewith.

**(10)** On September 22, 2025 (the "Petition Date"), each of the Debtors commenced a voluntary case by filing a Petition for Reorganization under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

**(11)** Pursuant to §1107(a) and §1108 of the Bankruptcy Code, the Debtors continue to operate their business and manage their financial affairs as Debtors in Possession.

**(12)** No request for the appointment of a Chapter 11 trustee or examiner has been made, nor has any statutory committee been appointed or designated, in the Chapter 11 Cases.

## Specific Relief Requested

**(13) Relief Sought**: The three above-captioned jointly administered debtors (the "Debtors") move the Court, pursuant to section 1121(d) of the Bankruptcy Code, for an order: (a) extending the period during which the Debtor has the exclusive right to file a plan of reorganization (the "Exclusive Filing Period") by 120 days, through and including May 21, 2026, and (b) extending the period during which the Debtor has the exclusive right to solicit acceptances thereof (the "Exclusive Solicitation Period" and, together with the Exclusive Filing Period, the "Exclusive Periods"), through and including July 20, 2026, or approximately 60 days after the expiration of the Exclusive Filing Period as extended. In

support of this Joint Motion, the Debtor rely on the facts set forth in the accompanying *Abenante Certification*, and on the legal argument presented hereinbelow. The Debtors request entry of an order, substantially in the form of the Proposed Order filed with this Joint Motion.

**(14)** Since the commencement of this Chapter 11 case less than four months ago, the jointly administered Debtors have made considerable progress on a variety of issues, even amid several weeks of the Federal Shutdown and consequent furlough or partial furlough of United States Trustee and Court staff, and even amid two Holiday months which arose immediately after the conclusion of the 44-day Federal Shutdown, including Thanksgiving, Christmas, Year-End Holidays, and the New Year. Notwithstanding the Federal Shutdown and two Holiday months, in just over 3-1/2 months, as set forth in the *Abenante Certification* filed in support of this Motion, the Debtors have:

**(a)** attained entry of Orders for Joint Administration;

**(b)** attained entry of Orders for Retention of Counsel;

**[c]** have appeared at the 341 Meeting of Creditors;

**(d)** have appeared at the Initial Debtor Interview

**(e)** have successfully negotiated with the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee") to modify certain motions and Proposed Orders pleadings to conform with local rules and practice and to resolve comments of the U.S. Trustee Trial Attorney and Bankruptcy Auditor;

**(f)** attained entry of an Order Retention of Crown Medical Collections as a professional to seek collection of sums due from insurance carriers (the "Insurance Receivables"), in excess of $150 Million, which are projected to result in the collections of approximately $80 Million;

**(g)** opened Debtor-in-Possession bank accounts

**(h)** attained entry of an Order finding that the appointment of a Health Care Ombudsman is Not Necessary in this Case;

**(i)** worked with Crown Medical to complete a full assessment, analysis and evaluation of the Insurance Receivables, and filed Amendments in all three cases reflecting that completed Insurance Receivables Analysis;

**(j)** filed a series of Amendments to the Petition, Schedules, Statement of Financial Affairs and related documents;

**(k)** filed on this date Motions to Extend the Exclusivity Period in each of the three cases

**(15)** <u>All of the foregoing has been successfully accomplished in just the first 109 days of this case, notwithstanding that 44 of those 109 days encompassed the Federal Shutdown period, and notwithstanding the two year-end holiday months</u>.

**(16)** Despite this progress, this case is still in its early stages, and the Debtors are now also addressing three Adversary Proceedings filed December 19, 2025, just 5 days before the Christmas holiday weekend commenced. The Debtors are presently confident that the three Adversary Proceedings will likely be the subject of successful Motions to Dismiss, but Disclosure Statements and Plans of Reorganization can not be filed until those Adversary Proceedings are resolved (or possibly by abstention or a withdrawal of the reference, since the Adversary Proceeding Plaintiffs are apparently arguing that the Adversary Proceedings are somehow part and parcel of U.S. District Court E.D.N.Y. litigation involving the same factual events) and not until those Adversary Proceeding are more fully assessed as to their potential financial impact on the Debtors' Reorganization efforts.

**(17)** The Code and applicable case law make plain that, in Chapter 11 cases such as this one, exclusivity can and should be extended, especially where the Debtor is actively moving the case forward. The Debtor respectfully submits that the Court should grant the requested extensions of the Exclusive Periods.

### Request for Extension of Exclusive Periods, and Grounds for Relief

**(18)** Pursuant to section 1121(b) of the Bankruptcy Code, a debtor has the exclusive

right to file a Plan of Reorganization during the first 120 days after the commencement of a chapter 11 case (i.e., the Exclusive Filing Period). If a debtor files a Plan during this exclusive filing period, section 1121(c)(3) of the Bankruptcy Code grants the debtor an additional 60 days during which the debtor may solicit acceptances of that plan, and no other party in interest may file a competing plan (i.e., the Exclusive Solicitation Period).

**(19)** In the three instant jointly administered cases, the , the Exclusive Filing Period currently expires on January 20, 2026, and the Exclusive Solicitation Period expires on March 21, 2026.

**(20)** Section 1121(d) of the Bankruptcy Code provides that the Court may, "for cause," extend these periods: "[o]n request of a party in interest . . . and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. §1121(d). Although the Bankruptcy Code does not define "cause," a number of courts have construed the term based on an examination of the Bankruptcy Code's underlying legislative history. See, e.g., *Bunch v. Hoffinger Indus., Inc.* (*In re Hoffinger Indus., Inc.*), 292 B.R. 639, 643 (B.A.P. 8th Cir. 2003); *Cont'l Casualty Co. v. Burns & Roe Enters., Inc.* (In *re Burns & Roe Enters., Inc.*), No. 00-41610, 2005 WL 6289213, at *3-4 (D.N.J. Nov. 2, 2005); *In re Newark Airport/Hotel Ltd. P'ship*, 156 B.R. 444, 451 (Bankr. D.N.J. 1993). As discussed below, the legislative history of section 1121(d) and applicable case law support the Debtor's requested extension of the Exclusive Periods.

**(21)** In determining whether cause exists for an extension of a Debtor's Exclusive Periods, courts have relied on a variety of factors, <u>any one</u> or more of which may constitute sufficient grounds for extending the periods. See *In re Cent. Jersey Airport Servs., LLC,* 282 B.R. 176, 184 (Bankr. D.N.J. 2002) (finding that "granting or denial of [extension] request is within the discretion of the bankruptcy court" and listing various factors considered in determining whether debtor has shown cause to justify the grant of an extension); *Hoffinge*r, 292 B.R. at 644 ("**It is within the discretion of the bankruptcy court to decide which**

**factors are relevant and give the appropriate weight to each**."); *In re Homestead Partners Ltd.*, 197 B.R. 706, 720 (Bankr. N.D. Ga. 1996) (emphasis added) (applying only those factors specifically relevant to the case at hand).

**(22)** Thus, the Debtors need not show that all of the nine factors listed in the next paragraphs are present, but the Court need only find that one or more of them exist. ("It is within the discretion of the bankruptcy court to decide which factors are relevant and give the appropriate weight to each."); *In re Homestead Partners Ltd.*, 197 B.R. 706, 720 (Bankr. N.D. Ga. 1996) (applying only those factors relevant to the case at hand). See also, e.g., *Hoffinger*, 292 B.R. at 644-45; *Cent. Jersey Airport Servs.*, 282 B.R. at 184; *In re Lichtin/Wade, L.L.C.*, 478 B.R. 204, 210 (Bankr. E.D.N.C. 2012); *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); *In re Grand Traverse Dev. Co. Ltd. P'ship.*, 147 B.R. 418, 420 (Bankr. W.D. Mich. 1992); *In re Gen. Bearing Corp.*, 136 B.R. 361, 367 (Bankr. S.D.N.Y. 1992); *In re Gibson & Cushman Dredging Corp.* 101 B.R. 405, 409-10 (E.D.N.Y. 1989).

**(23)** The factors to be considered by the Court include in making the determination whether to Extend the Exclusive Periods include: "1.) the size and complexity of the case, 2.) the necessity of sufficient time to negotiate and prepare adequate information, 3.) the existence of good faith progress, 4.) whether the debtor is paying its debts as it becomes due, 5.) whether the debtor has demonstrated reasonable prospects for filing a viable plan, 6.) whether the debtor has made progress negotiating with creditors, 7.) the length of time a case has been pending, 8.) whether the debtor is seeking an extension to pressure creditors, and 9.) whether or not unresolved contingencies exist." *In re Cent. Jersey Airport Servs., LLC, supra.,* 282 B.R. at 184.

**(24)** Factors relevant to the determination of the instant Motion include at least five factors: (#1) the size and complexity of the case; (#2) the necessity of sufficient time to negotiate and prepare adequate information; (#3) the existence of good faith progress; (#5) whether the debtor has demonstrated reasonable prospects for filing a viable plan, (#7) the

length of time a case has been pending.

    (a)     As to factor #1 "the size and complexity of the case", this case is of a large size, with $152 Million of Insurance Receivables to be collected, and, per the pending Adversary Proceedings, is also of an increasing level of complexity since it was first filed.

    (b)     As to factor #2 "the necessity of sufficient time to negotiate and prepare adequate information", Crown Medical needs sufficient time to negotiate with the carriers as to the Insurance Receivables, and Crown's Retention Order was only entered November 12, 2025, just 59 days ago, and those 59 days have included the Thanksgiving, Christmas, Year-End Holidays, and New Year Holidays, all of which, practically speaking, tend to involve numerous persons, parties, representatives, and counsel for same to typically have some time with their families and out of their office at that time of year,

    [c]     as to factor (#3) "the existence of good faith progress", the joint Debtors as movants herein, submit that sections 14(a) through 14(k) hereinabove very much show the existence of good faith progress;

    (d)     as to factor (#5) "whether the debtor has demonstrated reasonable prospects for filing a viable plan" the progress referenced in sections 14(a) through 14(k) hereinabove, plus the Receivables Analysis completed by appointed professional Crown Medical Collections demonstrate more than reasonable prospects for filing a viable plan.

    (e)     as to factor (#7) "the length of time a case has been pending", as of this writing these cases have only been pending for 109 days, and have only been jointly administered for 101 days, with 44 of those comprising the Federal shutdown, succeeded by two holiday months.

The Debtors respectfully submit that, under any or all of these five factors, cause has

been shown for the Exclusive Periods should be extended, and respectfully submit that the Proposed Order submitted with this Motion should be entered.

### Request for Waiver of Memorandum of Law

**(25)** Pursuant to Local Rule LBR 9013-1(a)(3) the Debtors respectfully request the Court waive the requirements to file a separate Memorandum of Law, as the legal grounds upon which the Debtors rely is set forth in this Motion and does not raise any novel issues of law.

### Notice

**(26)** Notice of this Motion is being provided to: (i) the United States Trustee for the District of New Jersey; (ii) Secured Creditors, and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no other or further notice is necessary.

### Conclusion

**(27)** WHEREFORE, the Debtors respectively request that the Court grant the relief requested herein by entering Orders (a) extending the Exclusive Filing Period in this case through and including May 21, 2026; (b) extending the Exclusive Solicitation Period in this case through and including July 20, 2026; and © granting such other relief to the Debtor as the Court may deem just and appropriate.

Respectfully submitted,

MACIAG LAW, LLC

 /s/ *Thaddeus R. Maciag*
Thaddeus R. Maciag, Esq.
Date: January 11, 2026    Attorney for the Debtors